LAW OFFICES
UDALL, SHUMWAY & LYONS, P.L.C.
30 WEST FIRST STREET
MESA, ARIZONA 85201-6695
Telephone: (480)461-5300
Fax:  (480)833-9392

Bradley D. Gardner - # 011211
Attorney For Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SANDRA L. McCULLOUGH, a single women<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI AMERICAN SHIPPING AGENCY; JOHN DOE and JANE DOE I-V; ABC CORPORATION I-V; BLACK PARTNERSHIPS I-V; and ABC LIMITED LIABILITY COMPANIES I-V,<br><br>Defendants. | NO.<br><br><br><br>**COMPLAINT**<br>**(Sex Discrimination and Retaliation)**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff, by her attorney undersigned, complaining of Defendant, alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and to remedy retaliation against an employee for activity protected under Title VII all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to U.S.C. § 2000 (e) (f) and (g).

3. Plaintiff, Sandra McCullough, (hereinafter "McCullough"), a female and a resident of the State of Arizona, filed charges of discrimination against Hyundai American Shipping Agency (hereinafter "Hyundai") with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about May 26, 2010, complaining of the acts of sex discrimination and retaliation alleged herein.

4. On or about June 23, 2010, the EEOC issued Plaintiff a notice informing her of her right to sue Defendant in Federal Court.

5. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(3).

6. As the unlawful employment practices complained of herein occurred within the Arizona District, venue is proper in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. §  2000(e)-5(f)(3).

### PARTIES

7. Plaintiff was employed by Hyundai as a Customer Service Representative for over five years until the involuntary termination of her employment on or about August 5, 2009.

8. Defendant Hyundai maintains one of its principal places of business in the City of Phoenix, State of Arizona.

### ALLEGATION COMMON TO ALL CAUSES OF ACTION

9. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 8 of the Complaint with the same force and effect as if set forth herein.

10. On or about June 15, 2009, Plaintiff complained to Brandi Andrews, (hereinafter "Andrews"), Assistant Manger of Human Resources, of many issues that affected her ability to perform her job duties, including an affair between a supervisor, Justin Bozarth (hereinafter "Bozarth"), and Kaitlin Hamilton (hereinafter "Hamilton"), a documentation clerk, that started November of 2008.

11. Plaintiff informed Andrews of Bozarth and Hamilton touching and flirting with each other inappropriately in front of employees of Hyundai.

12. During a lunch run Hamilton was asked by another employee of Hyundai what she wanted from a sandwich shop. Hamilton replied she would like the buns of her sandwich toasted. Bozarth, overhearing the comment stated, "Oh, I'll have those buns." Hamilton replied "Oh, f..k you." Bozarth responded "I wouldn't mind that." This was done in front of the Plaintiff and other employees of Hyundai.

13. During a Christmas party Bozarth threw Hamilton over his shoulder and carried her around like a caveman in front of staff.

14. Plaintiff stated to Andrews that these events and others made her and other employees very uncomfortable because they were inappropriate and Bozarth's wife worked for the company putting her and staff in an awkward position.

15. Andrews told Plaintiff to tell Hamilton to call her. When Plaintiff approached Hamilton, telling her to call Andrews, Hamilton immediately told Bozarth that Plaintiff had told HR about the affair.

16. To retaliate against the Plaintiff for speaking to HR about the affair, Bozarth and other management, including Larry Marvin, (hereinafter "Marvin"), General Manager, became intimidating and being rude towards the Plaintiff.

17. On or about June 23, 2009 Plaintiff sent an email to Andrews outlining the retaliation she was receiving for reporting the affair from Bozarth and other members of management.

18. On or about July 2, 2009, Gunn arrived unexpectedly from Texas to speak with the Plaintiff regarding the email she sent. Gunn asked if the Plaintiff has considered a management position since she was so observant and then rolled her eyes at the list of grievances the Plaintiff outlined.

19. Gunn did not speak with any other employees concerning Plaintiff's complaint.

20. On or about July 22, 2009, Plaintiff received a verbal reprimand about abusing the media policy by Marvin and JJ Lee, (hereinafter "Lee"), deputy general manager. This is the only reprimand Plaintiff every received during her tenure with Hyundai.

21. During this verbal reprimand, Plaintiff was interrogated for several over an hour regarding her complaint to HR. She was asked repeatedly if there were others that were complaining to HR

22. Plaintiff was accused of trying to get upper management and supervisors into trouble so she could become a manager.

23. Plaintiff was questioned as to why she was documenting events occurring around the office and why did she have time to do this, thereby insinuating she was not performing her job duties.

24.  On or about July 22 and 24, Plaintiff spoke with Gunn and Andrew where she was accused of being a drug addict. She was also accused of lying about the affair between Bozarth and Hamilton so that she could get rid of certain management and secure a management position herself.

25.  Plaintiff offered to take a drug test and to submit the log and emails outlining the events occurring involving the daily abuse she was receiving from management after they found out she was the one complaining to HR, but both were refused by Defendant's representatives.

26.  On or about August 5, 2009, Plaintiff was terminated with no written write-ups in her personnel file.

### FIRST CAUSE OF ACTION

27.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 26 of the Complaint with the same force and effect as if set forth herein.

28.  Defendant's employees, including management representatives, created a hostile work environment and denied employment opportunities to the Plaintiff on the basis of favoritism shown to other employees who agreed to grant sexual favors in violation of Title VII.

29.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**SECOND CAUSE OF ACTION**

30. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 29 of this Complaint with the same force and effect as if set forth herein.

31. Defendant has retaliated against Plaintiff and has denied her opportunities for employment on the basis of her having complained of discrimination in violation of Title VII.

32. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

    A. Declaring that the acts and practices complained of herein are in violation of Title VII;

    B. Enjoining and permanently restraining these violations of Title VII;

    C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

    D. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages and other lost benefits;

    E. Awarding Plaintiff compensatory and punitive damages in the amount to be determined by the jury;

F.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000(e)-6(k);

G.  Granting such other and further relief as this Court deems necessary and proper.

DATED: September 22, 2010.

                                      UDALL, SHUMWAY & LYONS, P.L.C.

                                      By /s/ Bradley D. Gardner
                                            Bradley D. Gardner
                                            30 West First Street
                                            Mesa, AZ  85201
                                            Attorneys For Plaintiff